# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SPECTRUM LIGHTING CONTROLS, INC., | ) ) ) |
| Plaintiff, | ) ) ) No. 2:18-cv-02243-TLP-cgc |
| v. | ) ) |
| ROBERT BRADLEY EISON, EMORY EISON, ZED WOODLEY, AND FACTORY SALES AGENCY WEST, INC., d/b/a CLEAR ADVANTAGE LIGHTING, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## AMENDED SCHEDULING ORDER

Pursuant to Local Rule 16.2, a Scheduling Conference was held on May 9, 2019. Present were John R. Hensley II and James M. Simpson, counsel for Plaintiff, Edwin E. Wallis, III, counsel for Defendants Robert Bradley Eison and Emory Eison, William B. Ryan, counsel for Defendant Zed Woodley, and George T. Wheeler, Jr. and Emily Hamm Huseth, counsel for Defendant Factory Sales Agency West, Inc. At the Conference, the following dates were established as the final deadlines for:

**MOTIONS TO DISMISS**: January 11, 2019

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**     **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** July 31, 2019

        Mediator must file Mediation Certification Form:
        https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**     **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

            **MEDIATOR'S NAME:** Justice Janice Holder

**COMPLETING ALL DISCOVERY:** September 10, 2019

    **(a)**     **WRITTEN DISCOVERY[1]:** June 11, 2019

    **(b)**     **DEPOSITIONS:** July 31, 2019

    **(c)**     **EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

        **(1)**     **DISCLOSURE OF PLAINTIFF'S RULE 26(a)(2) EXPERT INFORMATION:** July 9, 2019

        **(2)**     **DISCLOSURE OF DEFENDANT'S RULE 26(a)(2) EXPERT INFORMATION:** August 8, 2019

        **(3)**     **EXPERT WITNESS DEPOSITIONS:** September 10, 2019

**F.R.E. 702/*DAUBERT* MOTIONS TO EXCLUDE EXPERTS:** October 15, 2019

**SUPPLEMENTATION UNDER RULE 26(e)(1):** September 10, 2019

**FILING DISPOSITIVE MOTIONS**: October 15, 2019

**JOINT PROPOSED PRETRIAL ORDER DUE:** January 9, 2020 by close of business
(E-Mail Joint Proposed Pretrial Order in Word format to: ECF_Judge_Parker@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** January 16, 2020 at 9:00 a.m.

**JURY TRIAL:** February 3, 2020 at 9:30 a.m. Trial is anticipated to last approximately 4 days.

    The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the timer permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of the service of the response, setting forth the reasons why a reply is required.

Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

***This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**SO ORDERED**, this 13th day of May, 2019.

                                                    s/ Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE